O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| CIC, Trustee of the Arnett Family Trust,<br><br>                 Plaintiff,<br><br>     v.<br><br>ARTHUR PAUL VILLA; MARIA TERESA ENRIQUEZ; JOED TORRES; and DOES 1-10,<br><br>                 Defendants. | Case № 2:16-cv-08243-ODW (AS)<br><br>**ORDER SUA SPONTE REMANDING CASE TO STATE COURT** |

## I. INTRODUCTION

On November 4, 2016, Defendant Joed Torres filed a notice of removal in this unlawful detainer action and an application to proceed without prepaying fees or costs. (ECF Nos. 1-2.) On November 14, 2016, Defendant Torres filed an ex parte application for a temporary restraining order to prevent his eviction and requested that the Court issue an order to show cause why Plaintiff CIC's[1] attorney, John Martin, should not be sanctioned for contempt. (Appl., ECF No. 6.) For the following

---

[1] None of the filings make it clear what the acronym CIC stands for.

reasons, the Court sua sponte **REMANDS** this case to the California Superior Court, County of Los Angeles for lack of subject matter jurisdiction and **DISMISSES** Defendant Torres' applications and request for an order to show cause as **MOOT**.

## II. FACTUAL BACKGROUND

Defendants Arthur Paul Villa and Maria Teresa Enriquez previously owned a house at 279 Bay Shore Avenue in Long Beach, California. (Notice of Removal ("Not.") 40, ECF No. 1.)[2] Defendant Torres claims that he has been a tenant of Defendants Villa and Enriquez at the Bay Shore property since approximately January of 2016.[3] (Appl. 5.) On February 22, 2016, Plaintiff purchased the Bay Shore property at a public foreclosure auction. (Not. 40.) On March 28, 2016, Plaintiff issued a Notice to Vacate to Defendant Villa and "all other occupants" of the Bay Shore property. (*Id.* at 23.) On April 7, 2016, Plaintiff initiated an unlawful detainer proceeding in the Superior Court of California, County of Los Angeles ("state court") against Defendants Villa and Enriquez. (*Id.* at 16.) The state court granted a writ of possession on October 17, 2016. (Appl. 2.) Defendant Torres attempted to file a Prejudgment Claim of Right to Possession on October 31, 2017, to assert his tenancy at the Bay Shore property since he was not named as a defendant in the unlawful detainer complaint. (Not. 6.) However, his filing was denied and was instead stamped "received." (*Id.*) Instead, Defendant Torres filed a Claim of Right to Possession and Notice of Hearing. (*Id.* at 27.) A hearing was set for November 7, 2016, to determine whether Defendant Torres had a legitimate claim to tenancy at the Bay Shore property and thus should have been named as a defendant in the unlawful detainer complaint. (*Id.* at 28.)

---

[2] As Defendant Torres improperly paginated his submissions, the Court cites to the page number internally assigned within the relevant ECF docket number.

[3] Defendant Torres writes in his November 14, 2016 application that the 276 Bay Shore property has been his "home" for "9.5 months." (Appl. 5.)

On November 4, 2016, Defendant Torres filed a notice of removal and a supporting brief essentially alleging that he is protected from eviction by the federal Protecting Tenants at Foreclosure Act and California Homeowner's Bill of Rights Act. (Not. 2.) However, this notice of removal was not entered into the federal courts' case management system until November 9, 2016. Therefore, when Defendant Torres appeared in state court for his November 7, 2016 hearing, it was unclear to both the state court judge and Plaintiff's attorney whether the case had in fact been removed. (Appl. 90-94, 103.) Unable to confirm whether the case had been removed, the state court judge determined it was appropriate to proceed with the hearing. (*Id.*) In doing so, he noted Defendant Torres' objection on the record. (*Id.* at 111-121.) After considering Defendant Torres' testimony, Plaintiff's arguments, and relevant documents, the state court judge found that Defendant Torres' lease agreement relating to the Bay Shore property was a sham meant to cause "frivolous" delay. (*Id.* at 120-121.)

On November 14, 2016, Defendant Torres filed an ex parte application for a temporary restraining order with this Court to prevent his eviction.[4] (Appl. 2.) In support of his application, he argues that the state court made its tenancy finding after this action had been removed to federal court. (*Id.*) Defendant Torres also requests that the Court issue an order to show cause why Plaintiff's attorney, John Martin, should not be sanctioned for moving forward with the hearing on November 7, 2016. (*Id.* at 16.)

### III. LEGAL STANDARD

The removing defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682 (9th Cir. 2006); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). The removing defendant must

---

[4] On November 9, 2016, Defendant filed a writ with the California Court of Appeals challenging the Superior Court's November 7, 2016 decision. (Appl. 23.)

establish either that (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

A defendant may also remove "certain" civil rights actions pursuant to 28 U.S.C. § 1443. To remove an action pursuant to this statute, the removing defendant must (1) "assert as a defense to the [action], rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights" and (2) "assert that the state courts will not enforce that right." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006).

If at any time a district court determines that it lacks subject matter jurisdiction, it must remand the case to state court. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (a district court may sua sponte remand); *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (a district court "must" remand when it lacks subject matter jurisdiction).

## IV. DISCUSSION

### A. Federal Question

Plaintiff initiated this unlawful detainer action pursuant to California state law. The complaint contains no federal claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. *Thawani v. Robertson*, No. 16-CV-03732-JCS, 2016 WL 4472986, at *1 (N.D. Cal. July 18, 2016), *report and recommendation adopted*, No. C 16-03732 WHA, 2016 WL 4436308 (N.D. Cal. Aug. 23, 2016) ("Unlawful detainer is a state law claim that does not implicate federal law.").

Defendant Torres does raise a federal defense based on the Protecting Tenants at Foreclosure Act. (Not. 2.) However, this is insufficient. First, raising a federal defense does not provide a basis for removal, or more generally, for federal subject matter jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Thawani*

*v. Robertson*, 2016 WL 4472986, at *1 (finding specifically that the Protecting Tenants at Foreclosure Act is a federal defense which does not confer subject matter jurisdiction). Second, the Protecting Tenants at Foreclosure Act expired on December 31, 2014, more than a year before Defendant Torres allegedly entered into a lease agreement with Defendants Villa and Enriquez and therefore offers no defense. *Fairview Tasman LLC v. Young*, No. 15-CV-05493-LHK, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (confirming that the Protecting Tenants at Foreclosure Act is no longer a valid defense in unlawful detainer actions). Therefore, the Protecting Tenants at Foreclosure Act is irrelevant to these proceedings. Accordingly, the Court finds that Defendant Torres has not established subject matter jurisdiction based on a federal question.

**B. Diversity**

Defendant Torres also alleges diversity-based subject matter jurisdiction. (Not. 5.) However, here too, he falls short. To begin, removal is not allowed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, all Defendants appear to be residents of California where this unlawful detainer action was filed; indeed, this action is premised on their domicile and intent to remain at 279 Bay Shore Avenue in Long Beach, California.

Further, Defendant Torres has not put forth any evidence of CIC's citizenship. While the Bay Shore property's deed of transfer lists a Nevada address for CIC, this is hardly dispositive of its citizenship. (Not. 39.) Moreover, assertions regarding CIC's citizenship are noticeably absent from the "Jurisdiction" and "Diversity" sections of Defendant Torres' brief filed with the notice of removal. (*Id.* at 5.)

Finally, Defendant Torres has not put forth any evidence that the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a). This unlawful detainer action was filed in state court as a "limited" civil action not to exceed $10,000. (*Id.* at 19.)

1  Accordingly, the Court finds that Defendant Torres has not established subject matter
2  jurisdiction based on diversity.

3  **C. 28 U.S.C. § 1443**

4  Lastly, Defendant Torres asserts that this matter is properly removed on the
5  basis of 28 U.S.C. § 1443. (Appl. 2.) As discussed above, this removal statute is
6  applicable when a defendant "assert[s] as a defense to the [action], rights that are
7  given to them by explicit statutory enactment protecting equal racial civil rights" and
8  "assert[s] that the state courts will not enforce that right." *See Patel v. Del Taco, Inc.*,
9  446 F.3d 996, 998-99 (9th Cir. 2006). Here, Defendant Torres asserts as a defense
10 that the state court failed to consider provisions of the now-expired federal Protecting
11 Tenants at Foreclosure Act and the California Homeowner's Bill of Rights. (Not. 2-
12 5.) However, these provisions have nothing to do with protecting equal *racial* civil
13 rights, nor does Defendant Torres' brief implicate race in any way. Therefore,
14 Defendant Torres' attempt to remove this matter on the basis of 28 U.S.C. § 1443
15 necessarily fails. *See Working Dirt LLC v. Raynor*, No. 16-CV-5444 YGR, 2016 WL
16 6124707, at *2 (N.D. Cal. Oct. 20, 2016) (denying 28 U.S.C. § 1443 removal where
17 the case lacked any racial equity component); *Duke Partners II, LLC v. Vonquerner*,
18 No. 5:16-CV-05542-HRL, 2016 WL 6273928, at *2 (N.D. Cal. Oct. 27, 2016) (same);
19 *Baldini Real Estate, Inc. v. Cruz*, No. 15-CV-2932 YGR, 2015 WL 4760510, at *2
20 (N.D. Cal. Aug. 12, 2015) (same). In sum, Defendant Torres has not established
21 subject matter jurisdiction on the basis of a federal question, diversity, or 28 U.S.C. §
22 1443.

### V. CONCLUSION

25 The Court has determined that it lacks subject matter jurisdiction over this
26 matter. As a result, it may not consider Defendant Torres' applications or request for
27 issuance of an order to show cause. This case is hereby **REMANDED** to the Superior
28 Court of California, County of Los Angeles for further proceedings. Defendant

Torres' applications and request for issuance of an order to show cause are hereby **DISMISSED** as **MOOT**.[5]

**IT IS SO ORDERED.**

November 17, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[5] It is not entirely clear whether Defendant Torres can remove this lawsuit as a claimant in the underlying unlawful detainer proceeding. *See* 28 U.S.C. § 1446 (indicating that "a defendant or defendants" may file for removal). However, the Court has treated Defendant Torres as if he were a named defendant in the underlying unlawful detainer complaint for the purposes of this order. Whether the Court relies on the analysis above, or the fact that Defendant Torres is not technically a named defendant in the state complaint and therefore cannot initiate removal, the outcome is the same: this case must be remanded to state court.